UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JOHNNIE DAVIS,

              Plaintiff,

-against-

NEW YORK CITY HOUSING AUTHORITY,

              Defendant.
-----------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 04 2019 ★
BROOKLYN OFFICE

**MEMORANDUM AND ORDER**
16-CV-2374 (RRM) (LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

In May 2016, plaintiff Johnnie Davis commenced this *pro se* action against the New York City Housing Authority ("NYCHA"), alleging that NYCHA discriminated against him based on his race, criminal drug usage, and psychological history when it refused to approve him for a Section 8 housing subsidy. (Compl. (Doc. No. 1) at 4.) In a memorandum and order dated March 8, 2017, and entered March 9, 2017 (the "Prior Order"), the Court dismissed Davis's complaint and granted him thirty days to amend his pleading. The Prior Order specifically advised Davis that if he failed to amend his complaint within the time allowed, judgment dismissing his action without prejudice would be entered. (Prior Order (Doc. No. 7) at 8.) Davis failed to file an amended complaint or to request an extension of time in which to do so. Accordingly, on April 25, 2017, judgment was entered against him and the case was closed. (Judgment (Doc. No. 8.)) Davis did not appeal from that judgment.

On September 15, 2017 – well after the time for filing a notice of appeal had expired – Davis filed a one-page letter requesting that the Court "reopen" this action and recuse itself from the case. The letter does not discuss the Prior Order or explain his failure to file an amended complaint. Rather, the letter states that "his suffering brought about by the ... NYCHA ... was

further exacerbated" by delays in adjudicating his case and that he "believes he was not treated fairly by the court." (Letter (Doc. No. 9) at 1.)

In light of plaintiff's *pro se* status, the Court liberally construes Davis's letter as a motion to vacate a judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> >
> > (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> >
> > (4) the judgment is void;
> >
> > (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> >
> > (6) any other reason that justifies relief.

This rule "strikes a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). "Although 'it should be broadly construed to do substantial justice, ... final judgments should not be lightly reopened.'" *Tapper v. Hearn*, 833 F.3d 166, 170 (2d Cir. 2016) (quoting *Nemaizer*, 793 F.2d at 61). Rule 60(b) requires that the movant "show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)). "The fact that [the movant] disagrees with the result is not ... an 'extraordinary circumstance' justifying relief" under Rule 60(b). *Franza v. Stinson*, No. 98-

CV-5484 (LAK) (AJP), 2006 WL 2683023, at *1 (S.D.N.Y. Sept. 19, 2006), *report and recommendation adopted*, No. 98-CV-5484 (LAK), 2006 WL 2819804 (S.D.N.Y. Oct. 3, 2006)).

Davis has not shown "extraordinary circumstances" that would justify reopening this case. He does not discuss the Court's Prior Order, much less identify facts or law that the Court overlooked in that order. He does not explain why he failed to file an amended complaint, much less point to extenuating circumstances that prevented him from doing so. Rather, he merely asserts that "he was not treated fairly by the court." (Letter (Doc. No. 9) at 1.) This conclusory statement does not suggest a factual basis for claiming judicial bias, but implies only that Davis disagrees with the result reached by the Court. This disagreement does not suggest a basis for recusal or justify Rule 60(b) relief. *See Franza*, 2006 WL 2683023, at *1.

## CONCLUSION

For the reasons stated herein, Davis's letter dated September 15, 2017, is construed as a motion to vacate the judgment entered in this action on April 25, 2017. That motion is denied, as is the request that the Court recuse itself. The Clerk of Court is respectfully requested to mail a copy of this Memorandum and Order to Davis and to note that mailing on the docket sheet.

SO ORDERED.

Dated: Brooklyn, New York
Dec 2, 2019

s/Roslynn R. Mauskopf

ROSLYNN R. MAUSKOPF
United States District Judge